## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA; DYLAN CARDHEILHAC; JAMES CURTRIGHT; JASON GALLE; RICHARD GRISWOLD; MICHAEL GUNTHER; ANGELIC NORRIS; R.P., a minor; ISAAC REEVES; ZOE RENA; and BRANDON SWEETSER, | Case No. 4:17-CV-3107 |
| **Plaintiffs,** | |
| v. | **ANSWER** |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES; SCOTT FRAKES, in his official capacity as Director of the Nebraska Department of Correctional Services; HARBANS DEOL, in his official capacity as Director of Health Services of the Nebraska Department of Correctional Services; NEBRASKA BOARD OF PAROLE; and JULIE MICEK, in her official capacity as the Board of Parole Acting Parole Administrator, | |
| **Defendants.** | |

COME NOW Nebraska Department of Correctional Services ("NDCS"), Scott Frakes (in his official capacity), Harbans Deol (in his official capacity), Nebraska Board of Parole ("BOP"), and Julie Micek (in her official capacity) (collectively the "Defendants"), and answer the Class Action Complaint for Injunctive and Declaratory Relief (the "Complaint") (Filing 1).

1

As an initial matter, the Defendants deny each and every allegation contained in the Complaint except those specifically admitted herein and those which constitute admissions against the Plaintiffs' interest. The Defendants further state that the Complaint is unnecessarily long and is replete with improper argument and paragraphs containing compound factual allegations in violation of Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure.

Subject to these initial statements, the Defendants answer each paragraph[1] of the Complaint as follows:

1. Paragraph 1 is denied.

2. Paragraph 2 is denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 contains statements of the Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed necessary, the statements are denied. The Defendants specifically deny that the Plaintiffs have standing to maintain this action, that this action is certifiable as a class action under Fed. R. Civ. P. 23, and that conditions in Nebraska's correctional system are "overcrowded, discriminatory, and unconstitutional" as alleged by the Complaint.

---

[1] The paragraphs numbered 1 through 284 of this Answer correspond to the paragraphs numbered 1-284 of the Complaint.

7.      Paragraph 7 is admitted in part. The Defendants deny that the Plaintiffs have standing to maintain any claim against the BOP Defendants, or that any such claim is ripe. The remaining allegations in paragraph 7 are admitted.

8.      Paragraph 8 is admitted in part. The Defendants deny that the Plaintiffs have standing to maintain any claim against the BOP Defendants, or that any such claim is ripe. The remaining allegations in paragraph 8 are admitted.

9.      Paragraph 9 is admitted in part. The Defendants deny that the Plaintiffs have standing to maintain any claim against the BOP Defendants, or that any such claim is ripe. The remaining allegations in paragraph 9 are admitted.

10.     Paragraph 10 is admitted.

11.     Paragraph 11 is admitted in part and denied in part.  The Defendants admit that Hannah Sabata is a female prisoner incarcerated in the Nebraska Correctional Center for Women ("NCCW"). The Defendants also admit that Sabata is HIV positive.  The Defendants admit that Sabata experienced a short delay in getting her HIV medication, and affirmatively allege that the short delay did not result in a change to her counts. The Defendants deny the remainder of paragraph 11.  The Defendants affirmatively allege that on November 25, 2017, Sabata was released from NCCW on parole, and was re-incarcerated on January 5, 2018 due to parole violations.

12.     Paragraph 12 is admitted in part and denied in part.  The Defendants admit that on two occasions Sabata received nurtraloaf for her meals for three day periods.  The remainder of paragraph 12 is denied.

3

13.     Paragraph 13 is admitted in part and denied in part. The first sentence of paragraph 13 presents legal conclusions and questions of law to which no response is required; to the extent a response is deemed required, the allegations in this sentence are denied. The second sentence of paragraph 13 is admitted. The third sentence of paragraph 13 is denied on the basis that the Defendants lack sufficient knowledge or information to form a belief as to its truth.  The Defendants affirmatively allege that Sabata had a parole hearing without any requested accommodations, was granted parole, and was released on November 25, 2017.

14.     Paragraph 14 is admitted in part and denied in part. The Defendants admit Cardeilhac is a 19-year-old male prisoner who is currently housed at the Tecumseh State Correctional Institution (TSCI). The Defendants further admit Cardeilhac was incarcerated as a juvenile from 2014 to June 2017 in the Nebraska Correctional Youth Facility (NCYF). The Defendants further admit Cardeilhac has been placed in restraints on occasions for precautionary measures, but never longer than what was necessary for treatment purposes. The Defendants deny the remainder of paragraph 14.

15.     Paragraph 15 is admitted in part and denied in part. The Defendants admit Cardeilhac has attempted to overdose on medication while incarcerated. The Defendants deny the remainder of paragraph 15 because it is vague and they lack knowledge to form a belief as to the truth of the allegations.

16.     The Defendants admit Cardeilhac has spent time in five-point re-straints, but for only periods of time that were necessary for treatment. The Defendants further admit Cardeilhac has been placed in disciplinary segregation for actions as serious as assaulting staff members and destroying property. The Defendants deny the remainder of paragraph 16 because it is vague and they lack sufficient knowledge to form a belief as to the truth of the allegations.

17.     The Defendants admit Cardeilhac was prescribed a splint for a injury he suffered while incarcerated at NCYF. The Defendants deny the remainder of paragraph 17 because they lack sufficient knowledge to form a belief as to the truth of the allegations.

18.     Paragraph 18 is admitted in part and denied in part. The first sentence of paragraph 18 presents legal conclusions and questions of law to which no response is required; to the extent a response is deemed required, the allegations in this sentence are denied. The second sentence of paragraph 18 is admitted. The third sentence of paragraph 18 is denied on the basis that the Defendants lack sufficient knowledge or information to form a belief as to its truth.

19.     Paragraph 19 is admitted in part and denied in part. The Defendants admit that James Curtright has been incarcerated in NDCS facilities since July 3, 1986, and that he is deaf and a person with a disability. The Defendants further admit that Curtright is fluent in American Sign Language. The remaining allegations in paragraph 19 are denied. The Defendants affirmatively allege that Curtright is now incarcerated at OCC.

5

20.     Paragraph 20 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 20 is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 22 is denied.

23.     Paragraph 23 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 23 is denied.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

26.     Paragraph 26 is admitted in part and denied in part. The Defendants admit Galle is a 42-year-old prisoner who has been incarcerated at the Nebraska State Penitentiary since April 28, 2010. Defendants admit Galle had suffered a gunshot wound to his right leg at some point in the past and this injury has caused Galle pain. The Defendants deny that they have not responded to his requests for treatment of that leg. On August 25 2017, Galle underwent surgery on his right leg. The Defendants deny the remainder of paragraph 26.

27.     Paragraph 27 is admitted in part and denied in part. The Defendants admit Galle has been given crutches and a cane to assist him with mobility. They further allege Galle has received permission to utilize crutches and a cane at times

6

in 2017. The Defendants admit Galle did not use crutches or a cane at times when they were provided in the past. The Defendants deny Galle has always been forced to go up or down flights of stairs to get to medical, as he has been allowed use of an elevator to come to medical. The Defendants deny the remainder of paragraph 27.

28.    The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 28. On that basis, paragraph 28 is denied.

29.    Paragraph 29 is admitted in part and denied in part. The Defendants admit Galle has been diagnosed with depression and anxiety. The Defendants further admit Galle was placed in five-point restraints, for a period no longer than necessary for treatment purposes after he attempted to commit suicide. The Defendants admit Galle had medications taken away because he abused those medications. The Defendants deny the remainder of paragraph 29 on the grounds that it is vague and they lack sufficient knowledge to form a belief as to the truth of the allegations.

30.    Paragraph 30 is admitted in part and denied in part. The first sentence of paragraph 30 presents legal conclusions and questions of law to which no response is required; to the extent a response is deemed required, the allegations in this sentence are denied. The second sentence of paragraph 30 is admitted. The third sentence of paragraph 30 is denied on the basis that the Defendants lack sufficient knowledge or information to form a belief as to its truth.

31.    Paragraph 31 is admitted in part and denied in part. The Defendants admit Griswold is a 53-year-old male prisoner incarcerated at TSCI. The Defendants

further admit Griswold's sentence began on June 11, 2008. The Defendants admit Griswold has problems with his hip that limit his mobility and he often uses a walker or wheelchair. The Defendants deny the remainder of paragraph 31.

32.   Paragraph 32 is admitted in part and denied in part. The Defendants admit Griswold underwent hip surgery while in NDCS custody. The Defendants deny the remainder of paragraph 32 because they are without sufficient knowledge to form a belief as to the truth of the allegations.

33.   Paragraph 33 is denied.

34.   Paragraph 34 is admitted in part and denied in part. The Defendants admit Griswold is legally blind in one eye and that the Nebraska Commission for the Blind has sent him assistive devices. The Defendants deny any items from the Nebraska Commission for the Blind have been improperly withheld from Griswold. The Defendants deny the remainder of paragraph 34 because they are without sufficient knowledge to form a belief as to the truth of the allegations.

35.   Paragraph 35 is admitted in part and denied in part. The Defendants admit Griswold has been diagnosed with post-traumatic stress disorder, among other mental health disorders. The Defendants affirmatively allege Griswold received monthly mental health status examinations from mental health practitioners which consisted of standard questions and follow-up questions as necessary. The Defendants deny the remainder of paragraph 35.

36.   Paragraph 36 is denied in its entirety. The first sentence of paragraph 36 presents legal conclusions and questions of law to which no response is required;

to the extent a response is deemed required, the allegations in this sentence are denied. The second sentence of paragraph 36 is denied because Griswold's sentence of life imprisonment for his conviction for second-degree murder is not eligible for parole under Nebraska law. The Defendants deny the third sentence of paragraph 36 because Griswold will not be eligible for parole unless his sentence is commuted and they also deny this sentence on the basis that they lack sufficient knowledge or information as to form a belief as to its truth.

37.    Paragraph 37 is admitted in part and denied in part. The Defendants admit the first sentence of paragraph 37. The Defendants further admit that Gunther is currently blind. The Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 37 and on that basis deny them. The Defendants specifically deny that any "mismanagement" of Gunther's diabetes is attributable to any act or omission by NDCS staff.

38.    Paragraph 38 is denied.

39.    Paragraph 39 is admitted in part and denied in part. The Defendants admit that Gunther was provided a white tapping cane and training by the Nebraska Commission for the Blind. The remaining allegations in paragraph 39 are denied.

40.    Paragraph 40 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 40 is denied.

41.     Paragraph 41 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 41 is denied.

42.     The first sentence of paragraph 42 presents legal conclusions and questions of law to which no response is required; to the extent a response is deemed required, the allegations in this sentence are denied. The remainder of paragraph 42 is denied.

43.     Paragraph 43 is admitted in part and denied in part.  The Defendants admit that Angelic Norris is a female prisoner incarcerated in NCCW and was most recently detained on January 6, 2014.  The Defendants admit that Norris is legally blind.  The Defendants admit that Norris has been diagnosed with hypertension.  The Defendants deny the remainder of paragraph 43.

44.     Paragraph 44 is admitted in part and denied in part.  The Defendants admit Norris used her walking cane to strike another individual and allege that Norris has threatened to use her cane as a weapon. The Defendants deny the remainder of paragraph 44.

45.     Paragraph 45 is admitted in part and denied in part.  The Defendants admit that Norris is unable to fill out her own grievance forms.  The Defendants admit that Norris has been provided accommodations by the Commission for the Blind. The Defendants deny the remainder of paragraph 45.

46.     Paragraph 46 is admitted in part and denied in part. The first sentence of paragraph 46 presents legal conclusions and questions of law to which no response

is required; to the extent a response is deemed required, the allegations in this sentence are denied. The second sentence of paragraph 46 is admitted. The third sentence of paragraph 46 is denied on the basis that the Defendants lack sufficient knowledge or information to form a belief as to its truth.

47.     Paragraph 47 is admitted in part and denied in part. The Defendants admit R.P. was detained on January 15, 2016. In January 2018, he was released on parole. The Defendants further admit R.P. has displayed paranoid behaviors at times and stated to staff members that he refused to drink water in his cell because he believed it was somehow poisoned. The Defendants deny the remainder of paragraph 47.

48.     Paragraph 48 is admitted in part and denied in part. The Defendants admit R.P. was placed in Longer Term Restrictive Housing while he was incarcerated at NCYF due to his behavior and violation of facility rules. The Defendants admit R.P. has been permitted yard time to exercise each day and he declined to utilize that opportunity on numerous occasions. The Defendants deny R.P. never had TV or radio access during his incarceration. The Defendants admit chemical agents and physical force were used on one occasion against R.P. after he made threatening statements towards staff, refused a urine analysis, and appeared to be chemically impaired. R.P. assaulted staff by throwing punches while leaving his cell. The Defendants deny the remainder of paragraph 48.

49.     Paragraph 49 is admitted in part and denied in part. The first sentence of paragraph 49 presents legal conclusions and questions of law to which no response

11

is required; to the extent a response is deemed required, the allegations in this sentence are denied. The second sentence of paragraph 49 is admitted. The third sentence of paragraph 49 is denied. The Defendants further affirmatively allege R.P. was paroled in 2016. In January 2018, R.P. had a parole hearing and he received parole status on January 26, 2018. R.P. did not need any accommodation to participate in the parole hearing process.

50.     Paragraph 50 is admitted.

51.     Paragraph 51 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 51 is denied.

52.     The Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 52 and on that basis they are denied.

53.     The Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 53 and on that basis they are denied.

54.     Paragraph 54 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 54 is denied.

55.     Paragraph 55 is admitted in part and denied in part. The first sentence of paragraph 55 presents legal conclusions and questions of law to which no response is required; to the extent a response is deemed required, the allegations in this sen-

tence are denied. The second sentence of paragraph 55 is admitted. The third sentence of paragraph 55 is denied on the basis that the Defendants lack sufficient knowledge or information to form a belief as to its truth.

56.     Paragraph 56 is admitted in part and denied in part. The Defendants admit that Zoe Rena is a female prisoner incarcerated in NCCW since July 24, 2015. The Defendants admit that Rena's committed named is Cassie Zoubek. The Defendants deny the remainder of paragraph 56.

57.     Paragraph 57 is admitted in part and denied in part. The Defendants admit that Rena has requested treatment for tooth, mouth, and jaw pain. The Defendants admit that Rena had three teeth pulled and affirmatively allege that Rena elected to have her teeth pulled. The Defendants deny the remainder of paragraph 57.

58.     Paragraph 58 is admitted in part and denied in part. The Defendants admit that Rena told NDCS medical staff that she had experienced a menstrual cycle that lasted for three consecutive months. The Defendants admit that Rena was given an ultrasound of her ovaries and uterus. The Defendants admit that they do not employ a dermatologist. The Defendants admit that Rena is serving a sentence that allows for parole eligibility pursuant to Neb. Rev. Stat. § 83-1,110. The last sentence of paragraph 58 is denied on the basis that the Defendants lack sufficient knowledge or information to form a belief as to its truth. The Defendants deny the remainder of paragraph 58.

59.     Paragraph 59 is admitted in part and denied in part. The Defendants admit Sweetser is a 45-year-old male prisoner who was incarcerated at NSP from June 25, 2015 through September 22, 2017. Since September 22, 2017, Sweetser has been incarcerated at the Omaha Correctional Center. The Defendants admit Sweetser has Hepatitis C, but deny that his disease is advanced enough to require treatment. The Defendants deny the remainder of paragraph 59.

60.     Paragraph 60 is admitted in part and denied in part. The Defendants admit Sweetser underwent surgery on his bowel in January 2016. The Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 60 and, therefore, deny those allegations.

61.     Paragraph 61 is admitted in part and denied in part. The Defendants admit Sweetser was diagnosed with paranoid schizophrenia and received an antipsychotic injection medication to treat that disorder. The Defendants allege Sweetser voluntarily chose to discontinue the injection medication. Because they are legal conclusions and questions of law, the Defendants are not required to respond to Sweetser's allegations that he is a person with a disability. To the extent a response is required to those allegations, the Defendants deny the allegations. The Defendants admit Sweetser is serving a sentence the allows for parole eligibility. The Defendants deny the final sentence of paragraph 61 as they lack sufficient knowledge or information as to form a belief as to its truth. The Defendants deny the remainder of paragraph 61.

62.     Paragraph 62 is admitted in part and denied in part. The first sentence of paragraph 62 is admitted. The Defendants further admit that NDCS employs 50 or more persons, is responsible for, and retains authority over, the operation of Nebraska state prisons, including the housing and treatment of the Plaintiffs. The Defendants deny that this matter is suitable for class certification. The Defendants affirmatively allege that the Plaintiffs do not have standing to assert their claims on behalf of other individuals, and that the Plaintiffs are not proper class representatives. The last sentence of paragraph 62 is admitted except insofar as it alleges that NDCS receives *federal* funds "for the operation of the state prisons." The remaining allegations in paragraph 62 are denied.

63.     Paragraph 63 is admitted.

64.     Paragraph 64 is admitted.

65.     Paragraph 65 is admitted in part and denied in part. The first sentence of paragraph 65 is admitted. The Defendants further admit that BOP employs 50 or more persons, conducts parole hearings at NDCS facilities, receives state funds, receives federal grant funds for certain discrete programs, and has received such funds at all times relevant to the complaint. The remaining allegations in paragraph 65 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth and deny such allegations on that basis.

66.     Paragraph 66 is admitted.

67.     Paragraph 67 contains the Plaintiffs' statement of ignorance regarding the identities of the unserved "Doe" defendants, to which no response is required. To the extent a response is required, paragraph 67 is denied.

68.     Paragraph 68 is denied.

69.     Paragraph 69 is admitted except with respect to its allegation that Defendant Deol is "responsible for operation of all NDCS facilities," which allegation is denied.

70.     Paragraph 70 is admitted, except with respect to the Plaintiffs' characterizations of CCCO and CCCL as "programs." CCCO and CCCL are facilities.

71.     Paragraph 71 is admitted.

72.     Paragraph 72 is denied.

73.     Paragraph 73 is admitted.

74.     Paragraph 74 is admitted.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     The Defendants admit that Paragraph 77 contains the Plaintiffs' characterization of statistics in the NDCS Quarterly Datasheet for January-March 2017, which speaks for itself. Paragraph 77 is otherwise denied.

78.     Paragraph 78 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 78 is denied.

79.    Paragraph 79 is partially admitted as follows: The Defendants admit that the 2006 NDCS Master Plan contains, in a section titled "System Changes Since the 1997 Master Plan Update," a sentence which states: "In 1997, a system-wide Master Plan Update was completed that determined on January 14, 1997, the design capacity of the State correctional system was 2,103 beds and the inmate census was 3,214, indicating that the system was operating at approximately 142% of design capacity."

80.    Paragraph 80 is admitted in part and denied in part. The Defendants admit the first sentence of paragraph 80 but deny the remaining allegations in paragraph 80.

81.    Paragraph 81 is denied.

82.    Paragraph 82 is denied.

83.    Paragraph 83 is denied.

84.    Paragraph 84 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 84 is denied.

85.    Paragraph 85 is admitted in part and denied in part. The Defendants admit the second sentence of paragraph 85 but deny the remaining allegations in paragraph 85.

86.    Paragraph 86 is denied.

87.     Paragraph 87 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 87 is denied.

88.     Paragraph 88 is denied.

89.     Paragraph 89 is denied.

90.     Paragraph 90 is denied.

91.     Paragraph 91 is denied.

92.     Paragraph 92 is admitted in part and denied in part. The Defendants admit that within days of Nikko Jenkins' mandatory release in 2013, he killed four people. The remaining allegations in paragraph 92 are denied. The Defendants affirmatively allege that in each of the lawsuits brought against the State of Nebraska or its officials by known or alleged victims of Nikko Jenkins, this Court, the Eighth Circuit, and the Nebraska Supreme Court have found in favor of the State and its officials. *See Kruger v. Nebraska*, 90 F. Supp. 3d 874 (D. Neb. 2015), *aff'd* 820 F.3d 295 (8th Cir. 2016); *Glasgow v. Nebraska*, 2015 WL 691404 (D. Neb. Feb. 18, 2015), *aff'd* 819 F.3d 436 (8th Cir. 2016); *Holloway v. State of Nebraska*, 293 Neb. 12, 875 N.W.2d 435 (2016).

93.     The Defendants admit that Paragraph 93 contains the Plaintiffs' characterization of a legislative report, which speaks for itself. Paragraph 93 is otherwise denied.

94.     The Defendants admit that Paragraph 94 contains the Plaintiffs' characterization of proceedings in the Nebraska Legislature, which speak for themselves. Paragraph 94 is otherwise denied.

95.     The Defendants admit that Paragraph 95 contains the Plaintiffs' characterization of a legislative report, which speaks for itself. Paragraph 95 is otherwise denied.

96.     Paragraph 96 is denied.

97.     Paragraph 97 is admitted in part and denied in part. The Defendants admit that on May 10-11, 2015, two prisoners died when inmates at TSCI took part in an inmate disturbance lasting approximately 8 hours, during which time several inmates assaulted staff and destroyed more than $2,000,000 in property. The Defendants deny the remaining allegations of paragraph 97. The Defendants affirmatively allege that this Court has concluded that TSCI "was not understaffed" on May 10, 2015. *See Clayborne v. Frakes*, 2016 WL 6462266, at *3 (D. Neb. Oct. 27, 2016) (deciding a summary judgment motion in NDCS officials' favor in a suit brought by an inmate affected by the May 10, 2015, TSCI inmate disturbance).

98.     Paragraph 98 is admitted in part and denied in part. The Defendants admit that on March 2, 2017, an inmate disturbance occurred at TSCI during which two inmates died. The Defendants further admit that four TSCI inmates were assaulted by inmates on March 16, 2017, during an inmate disturbance. The last sentence of paragraph 98 is admitted. The remainder of the allegations in paragraph 98 are denied.

99.     Paragraph 99 is admitted in part and denied in part. The Defendants admit that on April 7, 2017, inmates started a fire at DEC, which was placed on lockdown while staff responded to the incident. The remaining allegations in paragraph 99 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

100.    Paragraph 100 is denied.

101.    Paragraph 101 is denied.

102.    Paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105 is admitted in part. The first sentence of paragraph 105 is admitted. The second sentence of paragraph 105 contains the Plaintiffs' unilateral declaration that they will use the term "isolation" to collectively refer to all types and forms of restrictive housing utilized by NDCS, a declaration to which no response is required. The Defendants affirmatively allege that for purposes of clarity and accuracy, the regulatory term "restrictive housing," generally, or, as appropriate, the regulatory terms for more specific subtypes of restrictive housing, specifically, should be used in this litigation. *See* 72 Neb. Admin. Code, Ch. 1. The Defendants further affirmatively allege that "solitary confinement," defined as the confinement of an in-

20

mate in an individual cell having solid, soundproof doors and which deprives the inmate of all visual and auditory contact with other persons, is <u>not</u> utilized by NDCS. *See* Neb. Rev. Stat. § 83-170(14); 72 Neb. Admin. Code, Ch. 1, § 002.14.

106.    Paragraph 106 is denied.

107.    Paragraph 107 is denied.

108.    The first sentence of paragraph 108 is denied. The remaining allegations in paragraph 108 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

109.    Paragraph 109 is admitted in part and denied in part. The Defendants admit that inmate Patrick Schroeder has been charged with murdering former cellmate Terry Berry in his cell at TSCI. Paragraph 109 is otherwise denied.

110.    Paragraph 110 is admitted in part and denied in part. The Defendants admit that the majority of adult prisoners in restrictive housing are held in LCC, OCC, NSP, and TSCI. The remaining allegations in paragraph 110 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

111.    Paragraph 111 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 111 is denied.

112.    Paragraph 112 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 112 is denied.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied.

116.    The first sentence of paragraph 116 is denied. The remaining allegations in paragraph 116 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

117.    Paragraph 117 is admitted in part and denied in part. The Defendants admit that 72 Neb. Admin. Code, Ch. 1, § 003.03 provides that "Immediate segregation shall be a short-term (30 days or less) restrictive housing assignment utilized to maintain safety and security while investigations are completed, risk and needs assessments are conducted, and appropriate housing is identified." The Defendants further admit that 72 Neb. Admin. Code, Ch. 1, § 003.04 provides that "Longer-term restrictive housing shall be a classification assignment used primarily as a behavior management intervention with programming targeted to problem-specific needs. Inmates in longer-term restrictive housing shall participate in the development of individualized transition plans back to general population or mission based housing." The Defendants further admit that 72 Neb. Admin. Code, Ch. 1, § 004.01(B)(iv) provides that "Inmates in longer-term restrictive housing shall be reviewed at least every 90

22

days by the MDRT to assess demonstrated compliance with individualized behavior and programming plans and assess the potential for promotion to a less restrictive setting based on compatibility with the safety of the inmate, others, and security of the facility." The remaining allegations in paragraph 117 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied. The Defendants affirmatively allege that nonbinding resolutions of the United Nations General Assembly are wholly irrelevant to this Court's adjudication of disputes arising under the Constitution and laws of the United States.

118.    Paragraph 118 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 118 is denied.

119.    Paragraph 119 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 119 is denied.

120.    Paragraph 120 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 120 is denied.

121.    Paragraph 121 is denied.

122.    Paragraph 122 is denied.

123.    Paragraph 123 is denied.

124.    Paragraph 124 is admitted in part and denied in part. The second, third, and fourth sentences of paragraph 124 are admitted. The remaining allegations in paragraph 124 are denied.

125.    Paragraph 125 is denied.

126.    Paragraph 126 is admitted in part and denied in part. The Defendants admit that when male prisoners are newly admitted to NDCS, they are sent to DEC where they are evaluated for medical or mental health conditions. When female prisoners are admitted to NDCS, they are sent directly to NCCW. The remaining allegations in paragraph 126 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

127.    Paragraph 127 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 127 is denied.

128.    Paragraph 128 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 128 is denied.

129.    Paragraph 129 is denied.

130.    Paragraph 130 is denied.

131.    Paragraph 131 is denied.

132.    Paragraph 132 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 132 is denied.

133.    Paragraph 133, including all of its subparts, is denied.

134.    Paragraph 134 is denied.

135.    Paragraph 135, including all of its subparts, is denied.

136.    Paragraph 136 is admitted in part and denied in part. The second, third, fourth, and fifth sentences of paragraph 136 are admitted. The remaining allegations in paragraph 136 are denied.

137.    Paragraph 137 is denied.

138.    Paragraph 138 is denied.

139.    Paragraph 139 is denied.

140.    Paragraph 140 is denied.

141.    Paragraph 141 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 141 is denied. To the extent paragraph 141 contains the Plaintiffs' recitation of or characterizations of data contained in NDCS records, such data speaks for itself.

142.    Paragraph 142 is denied.

143.    The first sentence of paragraph 143 is denied. The remaining allegations in paragraph 143 are vague and overbroad such that the Defendants lack knowledge

or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

144.    The first sentence of paragraph 144 is denied. The remaining allegations in paragraph 144 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

145.    Paragraph 145 is denied.

146.    Paragraph 146 is denied.

147.    Paragraph 147 is denied.

148.    The first sentence of paragraph 148 is denied. The remaining allegations in paragraph 148 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

149.    Paragraph 149 is admitted in part and denied in part. The Defendants admit that at NCCW medication distribution occurs at a central location. The remaining allegations in paragraph 149 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

150.    The first sentence of paragraph 150 is denied. The remaining allegations in paragraph 150 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

151.   Paragraph 151 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 151 is denied. To the extent paragraph 151 contains the Plaintiffs' recitation of or characterizations of data contained in NDCS records, such data speaks for itself.

152.   Paragraph 152 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 152 is denied.

153.   Paragraph 153 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 143 is denied. To the extent paragraph 153 contains the Plaintiffs' recitation of or characterizations of data contained in NDCS records, such data speaks for itself.

154.   Paragraph 154 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 154 is denied. To the extent paragraph 154 contains the Plaintiffs' recitation of or characterizations of data contained in NDCS records, such data speaks for itself.

155.   Paragraph 155 is denied.

156.   Paragraph 156 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 156 is denied.

157.    Paragraph 157 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 157 is denied.

158.    Paragraph 158 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 158 is denied.

159.    Paragraph 159 is denied.

160.    Paragraph 160 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 160 is denied.

161.    Paragraph 161 is denied.

162.    Paragraph 162 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 162 is denied.

163.    Paragraph 163 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 163 is denied.

164.    The first sentence of paragraph 164 is denied. The remaining allegations in paragraph 164 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

165.    Paragraph 165 is admitted in part and denied in part. The Defendants admit that informal grievances must be filed within three calendar days of the incident with a staff response required within ten working days, and that a two-step appeal process is afforded with documentation and timing requirements. *See* 68 Neb. Admin. Code, Ch. 2 (comprehensive grievance procedures in NDCS regulations). The remaining allegations in paragraph 165 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

166.    Paragraph 166 is denied.

167.    Paragraph 167 is denied.

168.    Paragraph 168 is denied.

169.    Paragraph 169 is denied.

170.    Paragraph 170 is denied.

171.    Paragraph 171 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 171 is denied.

172.    Paragraph 172 is denied.

173.    Paragraph 173 is denied.

174.    Paragraph 174 is denied.

175.    Paragraph 175 is denied.

176.    Paragraph 176 is denied.

177.    Paragraph 177 is denied.

178.    Paragraph 178 is denied.

179.    Paragraph 179 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 179 is denied.

180.    Paragraph 180 is denied.

181.    Paragraph 181 is denied.

182.    Paragraph 182 is denied.

183.    Paragraph 183 is denied.

184.    The first sentence of paragraph 184 is denied. The remaining allegations in paragraph 184 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

185.    The first sentence of paragraph 185 is denied. The remaining allegations in paragraph 185 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

186.    Paragraph 186 is denied.

187.    Paragraph 187 is admitted in part and denied in part. The Defendants admit that NDCS staff are authorized to initiate disciplinary proceedings against inmates and that use of force is authorized in certain circumstances. The second sentence of paragraph 187 is denied. The remaining allegations in paragraph 187 are

vague and overbroad such that the Defendants lack knowledge or information suffi-cient to form a belief as to their truth, and on that basis such allegations are denied.

188.    Paragraph 188 is admitted in part and denied in part. The Defendants admit that CCC-L opened in 1993, NCYF opened in 1998, TSCI opened in 2001, and WEC opened in 2001. The remaining allegations in paragraph 187 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

189.    Paragraph 189 is denied.

190.    Paragraph 190 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 190 is denied.

191.    Paragraph 191 is denied.

192.    Paragraph 192 is denied.

193.    The first sentence of paragraph 193 is denied. The remaining allegations in paragraph 193 are vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

194.    Paragraph 194 is denied.

195.    Paragraph 195 is denied.

196.    The first sentence of paragraph 196 is denied. The remaining allegations in paragraph 196 are vague and overbroad such that the Defendants lack knowledge

or information sufficient to form a belief as to their truth, and on that basis such allegations are denied.

197.   Paragraph 197 is vague and overbroad such that the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. On that basis, paragraph 197 is denied.

198.   Paragraph 198 is denied.

199.   Paragraph 199 is admitted in part and denied in part. The Defendants admit the last sentence of paragraph 199. The first sentence of paragraph 199 is denied. The remaining allegations in paragraph 199 are denied alternatively because they are vague such that the Defendants lack sufficient knowledge or information to form a belief as to their truth, or because they constitute legal conclusions to which no response is required.

200.   Paragraph 200 is admitted.

201.   Paragraph 201 is denied.

202.   Paragraph 202 is admitted.

203.   Paragraph 203 is denied.

204.   Paragraph 204 is denied.

205.   Paragraph 205 is denied.

206.   Paragraph 206 is admitted.

207.   Paragraph 207 is denied.

208.   Paragraph 208 is denied.

209.    Paragraph 209 is admitted in part and denied in part. The first sentence of paragraph 209 is admitted. The second sentence of paragraph 209 is denied.

210.    Paragraph 210 is denied.

211.    Paragraph 211 is admitted in part and denied in part. The first sentence of paragraph 211 is admitted. The remainder of paragraph 211 is denied.

212.    Paragraph 212 is admitted in part and denied in part. The Defendants admit that prisoners denied parole may make a request for rehearing. The remainder of paragraph 212 is denied.

213.    Paragraph 213 is denied.

214.    The Defendants admit that paragraph 214 contains the Plaintiffs' allegations regarding the purported "NDCS Class." The Defendants deny that this matter is suitable for class certification. The Defendants affirmatively allege that the Plaintiffs do not have standing to assert their claims on behalf of other individuals, and that the Plaintiffs are not proper class representatives.

215.    Paragraph 215 is denied.

216.    Paragraph 216 is denied.

217.    Paragraph 217 is denied.

218.    Paragraph 218 contains the Plaintiffs' allegation that they expect the Defendants to raise common defenses, to which allegation no response is required. To the extent a response is deemed required, paragraph 218 is denied.

219.    Paragraph 219 is denied.

220.    Paragraph 220 is denied.

221.    Paragraph 221 is denied.

222.    Paragraph 222 is denied.

223.    The Defendants admit that paragraph 223 contains the Plaintiffs' allegations regarding the purported "Isolation Subclass." The Defendants deny that this matter is suitable for class certification. The Defendants affirmatively allege that the Plaintiffs do not have standing to assert their claims on behalf of other individuals, and that the Plaintiffs are not proper class representatives.

224.    Paragraph 224 is denied.

225.    Paragraph 225 is denied.

226.    Paragraph 226 is denied.

227.    Paragraph 227 contains the Plaintiffs' allegation that they expect the Defendants to raise common defenses, to which allegation no response is required. To the extent a response is deemed required, paragraph 218 is denied.

228.    Paragraph 228 is denied.

229.    Paragraph 229 is denied.

230.    Paragraph 230 is denied.

231.    Paragraph 231 is denied.

232.    The Defendants admit that paragraph 232 contains the Plaintiffs' allegations regarding the purported "Disability Subclass." The Defendants deny that this matter is suitable for class certification. The Defendants affirmatively allege that the Plaintiffs do not have standing to assert their claims on behalf of other individuals, and that the Plaintiffs are not proper class representatives.

233.   Paragraph 233 is denied.

234.   Paragraph 234 is denied.

235.   Paragraph 235 is denied.

236.   Paragraph 236 contains the Plaintiffs' allegation that they expect the Defendants to raise common defenses, to which allegation no response is required. To the extent a response is deemed required, paragraph 218 is denied.

237.   Paragraph 237 is denied.

238.   Paragraph 238 is denied.

239.   Paragraph 239 is denied.

240.   Paragraph 240 is denied.

241.   Paragraph 241 is denied.

242.   Paragraph 242 is denied.

243.   Paragraph 243 is denied.

244.   Paragraph 244 is denied.

245.   Paragraph 245 contains statements of law to which no response is required. To the extent a response is deemed required, the Defendants affirmatively allege that the statutory and regulatory provisions referenced in paragraph 245 speak for themselves.

246.   Paragraph 246 is denied.

247.   Paragraph 247 is denied.

248.    Paragraph 248 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

249.    Paragraph 249 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

250.    Paragraph 250 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

251.    Paragraph 251 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

252.    Paragraph 252 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

253.    Paragraph 253 is denied.

254.    Paragraph 254 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

255.    Paragraph 255 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

36

256.    Paragraph 256 is denied.

257.    Paragraph 257 is denied.

258.    Paragraph 258 is denied.

259.    Paragraph 259 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

260.    Paragraph 260 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

261.    Paragraph 261 is denied.

262.    Paragraph 262 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

263.    Paragraph 263 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

264.    Paragraph 264 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

265.    Paragraph 265 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

266.    Paragraph 266 is denied.

267.    Paragraph 267 is denied.

268.    Paragraph 268 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

269.    Paragraph 269 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

270.    Paragraph 270 is denied.

271.    Paragraph 271 is denied.

272.    Paragraph 272 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

273.    Paragraph 273 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

274.    Paragraph 274 is denied.

275.    Paragraph 275 is denied.

276.    Paragraph 276 presents legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

277.    Paragraph 277 is denied.

278.    Paragraph 278, including all subparts, contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

279.    Paragraph 279 contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

280.    Paragraph 280 contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

281.    Paragraph 281 contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

282.    Paragraph 282 contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

283.    Paragraph 283 contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

284.    Paragraph 284 contains the Plaintiffs' various requests for relief, to which no response is required. To the extent a response is deemed required, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     This case is not certifiable as a class action under Fed. R. Civ. P. 23.

3.     The Plaintiffs lack standing to maintain this action, or any portion thereof, as a class action.

4.     The Plaintiffs lack standing to maintain any claim against Defendants BOP and Micek.

5.     Some or all of the Plaintiffs failed to exhaust administrative remedies prior to filing suit in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), thereby precluding all of their asserted claims.

6.     Some or all of the Plaintiffs failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations.

7.     Some or all of the Plaintiffs' claims are barred by the statute of limitations.

8.     Some or all of the Plaintiffs' claims are moot because they have been released on parole.

9.     Some or all of the Plaintiffs have or are in the process of litigating claims raised in the Complaint and such claims are barred or limited, in whole or in part, by res judicata or collateral estoppel.

10.     At all relevant times, the Defendants acted in good faith, without malice, and without the requisite state of mind necessary for the Plaintiffs to establish liability for the violation of any federal right.

11.   The Defendants did not act with deliberate indifference to the Plaintiffs' serious medical, dental, or mental health needs.

12.   The Defendants did not know of and disregard a serious risk of harm to the Plaintiffs' medical, dental, or mental health needs.

13.   The Defendants did not engage in any conduct that caused any Plaintiff to suffer a serious medical, dental, or mental health condition or aggravate or worsen an existing serious medical, dental, or mental health condition.

14.   The Plaintiffs' refusal to submit to appropriate medical, dental, or mental health testing or treatment precludes the Plaintiffs' claims.

15.   The Plaintiffs' own deliberate conduct was the cause of any medical, dental, or mental health injury alleged by the Plaintiffs.

16.   The Defendants have not fallen below the applicable standard of care in the provision of medical, dental, or mental health treatment to the Plaintiffs.

17.   To the extent any Plaintiff has been denied a job or benefit on the basis of a disability, as alleged by the Complaint, such denial was: consistent with business necessity, *see* 42 U.S.C. § 12113(a); because providing such job or benefit would have posed a direct threat to the health or safety to the applicant or other individuals, *see* 41 U.S.C. § 12113(b); because providing such job or benefit would impose an undue hardship, *see* 42 U.S.C. § 12112(b)(5); or necessary to meet the needs of the penological setting.

18.   To the extent any Defendant was denied a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a

41

disability, as alleged by the Complaint, such denial was because the accommodation would impose an undue burden, *see* 42 U.S.C. § 12112(b)(5).

19.    The Defendants hereby place the Plaintiffs on notice that the Defendants will raise the following affirmative defenses, as set forth in Fed. R. Civ. P. 8(c)(1), should subsequent discovery disclose facts that support such defenses, including, but not limited to: assumption of risk, contributory negligence, fraud, illegality, laches, payment, release, res judicata, and waiver.

20.    By the Court's order of January 16, 2018, all 42 U.S.C. § 1983 claims against NDCS and BOP are dismissed. Filing 53 at 8. To the extent the Complaint makes any allegation in support of the prior § 1983 claims against NDCS and BOP, such claims are hereby denied by NDCS and BOP, notwithstanding any other response made by any other Defendant.

WHEREFORE, the Defendants pray that the Plaintiffs take nothing by reason of this suit and respectfully request that the Court enter judgment in favor of the Defendants, dismiss the Complaint with prejudice, and grant the Defendants any other and further relief that the Court deems just and proper.

Submitted March 1, 2018.

**NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, HARBANS DEOL, NEBRASKA BOARD OF PAROLE, and JULIE MICEK, Defendants.**

DOUGLAS J. PETERSON
Attorney General of Nebraska

*s/ David A. Lopez*
DAVID A. LOPEZ, #24947
Deputy Solicitor General

JESSICA M. FORCH, #24912
TIMOTHY R. ERTZ, #25162
Assistant Attorneys General

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
Dave.Lopez@nebraska.gov
Jessica.Forch@nebraska.gov
Timothy.Ertz@nebraska.gov

COUNSEL FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system.

By:     *s/ David A. Lopez*