# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA, et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> **NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al.,** <br><br> **Defendants.** | Case No. 4:17cv3107 <br><br> **STIPULATED ORDER ON ELECTRONICALLY STORED INFORMATION** |

**IT IS ORDERED** that the parties' Stipulated Order on Electronically Stored Information (Filing No. 106) is adopted, as set forth below:

## STIPULATED ORDER ON ELECTRONICALLY STORED INFORMATION

Pursuant to the Court's May 21, 2018, Order (Filing No. 95) Plaintiffs and Defendants hereby submit this stipulated and agreed order concerning discovery of Electronically Stored Information ("ESI"). Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

1. **Production format for paper records**. Responsive documents that exist only in paper form shall be organized as they have been kept in the ordinary course of business and shall be produced according to the following protocol: Paper documents shall be scanned and produced in TIFF image form at a resolution sufficient to enable, where practicable, the generation of searchable text using Optical Character Recognition ("OCR"). This provision shall not apply to portions of documents containing handwriting.

2. **Production format for electronic records.** Responsive documents that exist in electronic form, even if such documents also exist in paper form, shall be produced in electronic form according to the following protocol: Electronic documents shall be produced electronically as single page, uniquely and sequentially numbered Group IV TIFF image files of not less than

300 dots per inch resolution, together with document level load files wherein the full text was extracted directly from the native file where possible.

3. **Parameters for TIFF production format.**

   a. For files produced in TIFF image format, each page of a document shall be electronically saved as an image file. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   b. Each document image file shall be named with the unique production number of the page of the document in question, followed by the extension ".tif". File names should not be more than 20 characters long or contain spaces.

   c. Each page of a produced document shall have a legible, unique production number electronically "burned" onto the TIFF image in such a manner that information from the source document is not obliterated, concealed, or interfered with, preferably in the lower right corner of the document. The production number shall contain at least six digits. There shall be no other legend or stamp placed on the document image, unless a document qualifies for confidential treatment pursuant to the terms of any protective order in this matter, or if the document requires redaction. In the case of confidential materials as defined by any protective order in this matter, any applicable designation may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

d.  TIFF images shall be accompanied by a standard load file containing the metadata and other fields identified in Paragraph 8, below. The load file shall be produced in one of the following industry-standard formats: (i) Concordance delimited file (".dat"); (ii) comma-separated value file (".csv"); or (iii) TAB delimited file. TIFF images shall also be accompanied by either an Opticon delimited cross-reference file (".opt") or IPRO View LFP comma-delimited file showing document breaks and appropriate document unitization.

4. **Text-searchable.** In addition to TIFF images, each production of electronic documents shall include searchable text files corresponding to the TIFF images for each document. The full text of each native electronic document, excluding redacted documents, shall be extracted directly from the native file and produced in a document-level related text file (the "Extracted Text"). The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with the unique production number of the first page of the corresponding TIFF document followed by the extension ".txt". The parties shall also perform OCR on certain types of non-text based static image ESI, such as native PDF image files, and produce the corresponding document-level related text files. Searchable text files shall be generated from Extracted Text where available.

5. **Production Media.** Documents shall be produced on optical media (CD or DVD) or external hard drives or similar, readily accessible electronic media (the "Production Media"). Documents may also be produced electronically via email, FTP site, or similar electronic link by agreement of the Plaintiffs and Defendants. Each piece of Production Media shall uniquely identify the production and the party making such production (e.g., "NDCS - 001" for Volume 1 of the

NDCS Defendant's production). Each piece of Production Media shall also identify: (i) the production date; and (ii) the production number (i.e., bates number) range of the materials contained on the Production Media.

6. **Native format.** Presentation documents (such as Microsoft PowerPoint) and spreadsheet documents (such as Microsoft Excel) shall be produced in native format. Either side may also make specific requests for individual documents to be produced in native format if reasonably necessary to obtain a complete and legible version of the document. Each document in native format shall be produced together with a single page TIFF placeholder bearing the legend "Produced in Native Format," and stamped with the production numbers and any applicable confidentiality labels as described above. Load files containing the agreed upon metadata and extracted text shall also be provided for native documents.

7. **Metadata.** All metadata associated with ESI shall be collected and preserved to the extent reasonably possible. For all document productions, load files shall be produced that include the following fields:

| **Fields for all documents** | **Description** |
|---|---|
| BegProd | Beginning production number assigned to each document |
| EndProd | Ending production number assigned to each document |
| BegAttach | Beginning production number assigned to the group of documents to which the parent document and any attachment documents are associated |
| EndAttach | Ending production number assigned to the group of documents to which the parent document and any attachment documents are associated |

| Fields for all documents | Description |
|---|---|
| DocExt | document type as identified by metadata associated with the native document indicating the extension of the application that created the native document (e.g., .doc, .ppt, etc.) |
| HashValue | The unique identifying value assigned to a document based on hash coding algorithms |

The following metadata fields also shall be included in the load file, to the extent such fields exist:

| Metadata Fields | Description |
|---|---|
| Custodian | The name of the person or source from which the document was obtained |
| Confidentiality | A tag to indicate whether the producing party is invoking the confidentiality provisions of the protective order. |
| Author | The person or source that originated the document |
| FileName | Original file name |
| FilePath | Original file path |
| LastModifiedDate | Date that the file was last modified (as reflected by metadata) |
| DateCreated | Date file was created |
| To: | Email field. |
| From: | Email field. |
| CC: | Email field. |
| BCC: | Email field |
| DateSent | Email field |
| DateReceived | Email field |
| Subject | Email field |

8. **Objections Preserved.** Nothing in this protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

9. **Modification and disputes.** This order may be modified in the court's discretion or by agreement of the parties. Notwithstanding the preceding paragraphs, the parties may later make other agreements for their mutual convenience relating to the form and manner of production. If the parties cannot resolve their disagreements regarding modifications, the parties shall submit their competing proposals and a summary of their dispute. To the extent a producing party believes discovery requests or particular applications of this order may be unduly burdensome or otherwise objectionable under the applicable rules, the parties will meet and confer in good faith as to the necessity for, scope of, and objections to such production before seeking relief from the Court.

10. **Costs.** An agreement by any party to bear or receive the costs of any ESI discovery is an interim agreement subject to modification and shall not prejudice any party's right to seek ESI expenses as taxable costs.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge