IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA; DYLAN CARDEILHAC; JAMES CURTRIGHT; JASON GALLE; RICHARD GRISWOLD; MICHAEL GUNTHER; ANGELIC NORRIS; R. P., a minor; ISAAC REEVES; ZOE RENA; and BRANDON SWEETSER; on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES; SCOTT FRAKES, in his official capacity as Director of the Nebraska Department of Correctional Services; HARBANS DEOL, in his official capacity as Director of Health Services of the Nebraska Department of Correctional Services; NEBRASKA BOARD OF PAROLE; JULIE MICEK, in her official capacity as the Board of Parole Acting Parole Administrator; and DOES, 1 to 20 inclusive;<br><br>Defendants. | 4:17CV3107<br><br>**ORDER** |

This matter is before the Court following a telephone conference held with counsel for the parties on October 5, 2018, to resolve two issues related to Plaintiffs' upcoming expert tours of the Nebraska Department of Correctional Services ("NDCS") facilities.

The first issue relates to Plaintiffs' request that their experts be allowed to conduct confidential, unrecorded interviews with inmates during the tours. Plaintiffs maintain that confidential expert interviews are necessary for the expert to build rapport with the interviewees. Plaintiffs proposed providing Defendants with experts notes and permitting Defendants to depose their experts. Defendants do not object to Plaintiffs' experts conducting private interviews but ask that the interviews be recorded in some manner. Defendants also objected to the broad scope of Plaintiffs' topics, including "healthcare." After discussion, the parties agreed they could live with Plaintiffs' experts conducting private interviews that are audio recorded. Plaintiffs do not need to record the cell side introductions prior to the private interviews.

The second issue relates to the scope and quantity of records that the NDCS must produce for the expert tours. Per the discussion during the telephone conference, Defendants will prepare a list of inmate records from which Plaintiffs' experts will select a sample of 20 per facility. Plaintiffs clarified that their records review will include examination of some records during the facility tours, which alleviates Defendants' concerns about the burden of producing 800 inmate files at once. Defendants are also concerned that the current Protective Order only covers disclosure of "Plaintiffs'" protected health information. See Filing No. 90. Defendants propose asking non-named inmates for consent to release their protected health information. Pursuant to 45 C.F.R. § 164.512(e), however, no express consent is required if a qualified protective order is in place. Plaintiffs assert that the current Protective Order encompasses the entire putative class but have offered to modify the Protective Order in order to explicitly cover all Plaintiffs and putative class members. Plaintiffs' proposal is reasonable, and they shall provide its proposed amended protective order for Defendants' review and approval, and thereafter submit a copy to the Court for its entry.

Finally, the parties shall comply with any other rulings or stipulations made during the telephone conference not specifically discussed in this order.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge