IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HANNAH SABATA, at al,

               Plaintiffs,

vs.

NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, et al,

               Defendants.

4:17CV3107

ORDER

      This matter is before the Court following a telephone conference held with counsel for the parties on March 4, 2019, to discuss the parties' disputes regarding the scheduling of the individual plaintiffs' depositions and whether Defendants are entitled to depose plaintiffs' experts prior to the disclosure of their expert reports. The parties submitted arguments by email to the undersigned magistrate judge, attached as Exhibits A and B.

      First, Defendants seek the Court's assistance in scheduling the individually named plaintiffs' depositions as soon as possible. Plaintiffs state they would prefer until March 20, 2019, to be prepared for those depositions. As stated on the record during the telephone conference, the parties shall work to schedule the individual plaintiffs' depositions no earlier than, but as early as March 18, 2019.

      The more difficult dispute concerns Defendants' request to take depositions of Plaintiffs' disclosed experts to respond to Plaintiffs' motion for class certification. In support of their motion for class certification, Plaintiffs submitted over 300 pages of "declarations" by six experts. Plaintiffs maintain that, because their experts have only provided expert declarations for class certification and not expert reports, depositions at this time are premature. Fed. R. Civ. P. 26(a)(2)(B) provides that an expert report must contain "all opinions the witness will express and the basis and reasons for them;" facts and data relied on by the expert; exhibits that will be used to support the opinions; the expert's qualifications; a list of the last 4 years of cases in which the witness testified as an expert; and a statement regarding the expert's compensation. See Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Under Fed. R. Civ. P. 26(b)(4)(A), an identified expert may be deposed only after the expert has provided such report under Rule 26(a)(2)(B).

The Court has reviewed Plaintiffs' expert declarations and accompanying documents filed in support of their motion for class certification. See Filing No. 249-38 – Expert Dec. of Dr. Pablo Stewart, M.D.; Filing No. 249-39 – Stewart C.V.; Filing No. 249-40 – Stewart List of Materials Reviewed; Filing No. 249-42 – Expert Dec. of Craig Haney; Filing No. 249-43 Haney C.V.; Filing Nos. 249-44 to 249-46 – Haney List of Materials Reviewed; Filing No. 249-47 – Expert Dec. of Eldon Vail; Filing No. 249-48 – Vail C.V.; Filing No. 249-49 – Vail List of Materials Reviewed; Filing No. 249-50 – Expert Dec. of Margo Schlanger; Filing No. 249-51 – Schlanger C.V.; Filing No. 249-52 – Schlanger List of Materials Reviewed; Filing No. 249-53 – Expert Report of Jay D. Shulman, DMD, MA, MSPH; Filing No. 249-54 – Shulman C.V.; Filing Nos. 249-55 to -57 – Shulman supporting materials; Filing No. 249-58 – Expert Dec. of Marc F. Stern, M.D., M.P.H.; Filing No. 249-59 – Stern C.V.; Filing Nos. 249-60 to -61 – Stern supporting materials). A review of each of these expert "declarations" (and in the case of Dr. Shulman, his expert report) show that these declarations contain each expert's background and qualifications, opinions and factual bases for those opinions, a list of materials reviewed, and the experts' Curriculum Vitae. Essentially, Plaintiffs have served the functional equivalent of expert reports under Rule 26(a)(2)(B). Accordingly, the Court finds that Defendants may depose the experts disclosed by Plaintiffs in support of the motion for class certification about the opinions and factual bases expressed by the experts in the disclosed reports. As stated on the record during the telephone conference, the parties shall work to schedule the plaintiffs' expert depositions no earlier than, but as early as March 25, 2019.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

<u>MEMORANDUM</u>

TO: Chambers, Judge Michael D. Nelson
DATE: March 1, 2019
RE: Defendants' Position Statement for Discovery Dispute in *Sabata v. Nebraska Dept. of Correctional Servs.*, No. 4:17-cv-03107-RFR-MDN

## <u>Expert Depositions.</u>

Defendants must depose Plaintiffs' experts to respond to Plaintiffs' motion for class certification. Plaintiffs rely heavily on 323 pages of expert declarations to support class certification. Those declarations contain countless unsupported factual assertions purportedly based on unrecorded interviews with unidentified inmates and other unsupported observations of NDCS facilities. Plaintiffs intend for these declarations to have a major impact on the Court's determination of the certification-dependent issues. But Plaintiffs assert Defendants may not question their experts on these purported facts, their opinion, or methodology since the submissions by Plaintiffs' experts at this stage have been tactically labeled as declarations and not reports.

"Expert disputes 'concerning the factual setting of the case' should be resolved at the class certification stage only to the extent 'necessary to determine the nature of the evidence that would be sufficient, if the plaintiff's general allegations were true, to make out a prima facie case for the class.'" *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 611 (8th Cir. 2011)(quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005)). "[R]elevant expert testimony must be evaluated and weighed by the court before it decides to certify a class," even though the court is not required to "decide conclusively at the class certification stage what evidence will ultimately be admissible at trial." *Id.* In doing so, it may be appropriate for a court to conduct a "focused *Daubert* analysis" to "scrutinize[] the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Id.* at 614.

Defendants have consistently stated their concern with Plaintiffs' approach and the resulting prejudice to Defendants. Filing 71 at 23 (Rule 26(f) report); April 16, 2018, Telephone Conference; Filing 80 at 4; May 2, 2018, conference call; May 10, 2018 conference call; Filing 85. The Court recognized the significance of the issue in Filing 95 at 2 and directed the parties to meet and confer again after experts were disclosed. The parties did so at that time and were unable to reach an agreement. Defendants raised the issue again during a telephone conference with the Court on October 5, 2018, but an agreement was not reached. Filing 195. In December 2018 and February 2019 the parties conferred again but remain at an impasse.

**Plaintiffs' Depositions**

After initial consultation between the parties during the week of February 18, 2019, the parties agreed to the depositions of Plaintiffs and this Court granted Defendants' motion for leave to do so. Filing 254. Defendants advised Plaintiffs of their intent to have an accelerated timetable for the depositions and Defendants initially proposed the depositions would occur the week of March 4, 2019. Later, as a compromise position, Defendants offered to start depositions as late as March 13, 2019. Yet Plaintiffs assert they are unavailable for depositions until the week of March 25, 2019.

Defendants understand Plaintiffs' counsel must meet with the witnesses prior to the depositions but the additional three week delay is unnecessary given the abundance of counsel available to Plaintiffs and would place extraordinary pressure on Defendants (and the court reporter) to complete ten depositions and transcripts with a limited amount of time prior to the deadline to respond to the motion for class certification. Defendants are cognizant of the need to maintain the current class certification briefing schedule and a delay beyond March 13, 2019, threatens to delay briefing.

MEMORANDUM

TO: Chambers, Judge Michael D. Nelson
FROM: Plaintiffs' Counsel
CC: Defendants' Counsel
DATE: March 1, 2019
RE: *Sabata v. Nebraska*, No. 4:17-cv-03107, Statement on Defendants' Requests to Depose Plaintiffs' Experts Prior to Submission of Expert Reports, and to Depose Named Plaintiffs Beginning on March 13.

---

**I. Defendants are not entitled to depose Plaintiffs' experts prior to the submission of their expert reports.**

Defendants seek to depose Plaintiffs' experts prior to the submission of their expert reports, in contravention of the plain language of Federal Rule of Civil Procedure 26. But Defendants previously declined a compromise offer from Plaintiffs for such depositions, instead choosing to constrict the scope of Plaintiffs' expert tours. Defendants now fail to show any need for depositions at this stage of the litigation, and fail to explain why Rule 26 does not govern this case.

**Background**

In the context of the parties' negotiations around the scope of Plaintiffs' expert tours, Plaintiffs offered a compromise: Plaintiffs would allow for depositions of Plaintiffs' experts prior to class certification, in exchange for the opportunity for our experts to have confidential, unrecorded interviews with putative class members. *See* Plaintiffs' Additional Statement Regarding Discovery Disputes and Expert Tours, Oct. 4, 2018; Hearing Tr. 21:11-16, Oct. 5, 2018. Defendants declined to accept that compromise. *See generally* Hearing Tr. 21:10-24:10, Oct. 5, 2018. The Court mediated the matter and instructed the parties that all in-depth expert interviews with putative class members should be recorded. Hearing Tr. 25:20-26:10, Oct. 5, 2018. Therefore, as the Court and Defendants acknowledged, the offer of pre-class certification expert depositions became moot. Hearing Tr. 28:25-29:10; 29:17-19; 30:1-3, Oct. 5, 2018. The Court instructed the parties to continue with the standard scheduling order with regard to expert depositions. Hearing Tr. 28:25-29:10, Oct. 5, 2018.

Now, after refusing Plaintiffs' offered compromise and limiting the scope of the expert tours, Defendants unilaterally seek to expand the scope of discovery available to them by deposing Plaintiffs' experts prior to the submission of their reports.

**Defendants' Proposal Runs Afoul of FRCP 26**

Federal Rule of Civil Procedure 26(b)(4)(A) provides, "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted *only after the*

1

*report is provided.*" [Fed. R. Civ. P. 26(b)(4)(A)](#) (emphasis added).[1] This matter is currently at the class certification stage. Plaintiffs' experts have not yet provided their reports. Indeed, the schedule in this case provides that expert reports will not be submitted until May 6, 2019. *See* Doc. 71. Therefore, by the plain language of the Federal Rules, the depositions Defendants seek are prohibited.

Defendants' proposal also runs counter to the intent and purpose of [Rule 26](#). The Federal Rules provide for expert depositions only following the submission of an expert report and prior to trial in order to facilitate trial preparation and effective cross-examination of the expert. *See* [Fed. R. Civ. P. 26, Notes to 1970 Amendment](#) ("Effective cross-examination of an expert witness requires advance preparation."). Such preparation is obviously not necessary at this time, as the parties are at only the class certification stage and are not yet preparing for trial. At this stage of the litigation, the court will have the opportunity to review expert declarations and other material from both parties "and will give the expert opinions such weight as deemed appropriate in determining whether class certification is warranted[,]" an inquiry that does not require an evidentiary hearing or cross-examination. *[Mehl v. Canadian Pacific Railway Ltd.](#)*, 227 F.R.D. 505, 509 (D.N.D. 2005).

Indeed, the Eighth Circuit has distinguished between proceedings at the class certification stage and the merits stage and held that "[b]ecause a decision to certify a class is far from a conclusive judgment on the merits of the case, it is of necessity not accompanied by the traditional rules and procedure applicable to civil trials." *[In re Zurn Pex Plumbing Prod. Liab. Litig.](#)*, 644 F.3d 604, 613 (8th Cir. 2011) (internal quotation marks and ellipses omitted). The *[Zurn](#)* Court further distinguished between evidentiary standards at the class certification stage and merits stage, noting the Eighth Circuit has "never required a district court to decide conclusively at the class certification stage what evidence will ultimately be admissible at trial." *Id.* at 611. In addition, the Court observed that expert testimony at the class certification stage is often "circumscribed by the availability of … data" prior to the completion of discovery. *[Id. at 612](#)* (internal quotations omitted). "As class certification decisions are generally made before the close of merits discovery, the court's analysis is necessarily prospective and subject to change, and there is bound to be some evidentiary uncertainty." *[Id. at 613](#)* (internal citation omitted).

Further, Defendants have not articulated any need for the proposed depositions that cannot be met through other mechanisms at this stage in the proceedings. The questions before the Court currently are narrow and limited to class certification. Indeed, the Court's "primary task is not to determine the final disposition of a plaintiff's claims, but instead to examine whether those claims are appropriate for class resolution." *[Postawko v. Missouri Dep't of Corr.](#)*, 910 F.3d 1030, 1037 (8th Cir. 2018). Courts have "no license to engage in free-ranging merits inquiries at the class certification stage." *[Postawko](#)*, 910 F.3d at 1037 (quoting *[Amgen Inc. v. Conn. Ret. Plans & Trust Funds](#)*, 568 U.S. 455, 466 (2013)). To that end, Plaintiffs' expert declarations speak to the questions of commonality and typicality, and whether there are "questions of law or fact common to the class." [Fed. R. Civ. P. 23(a)(2)](#). The experts opine on

---

[1] The Federal Rules provide that any expert witness identified as a trial witness and "retained or specially employed to provide expert testimony in the case" must provide a written report. [Fed. R. Civ. P. 26(a)(2)(A)-(B)](#).

common policies, practices, and procedures that subject putative class members to common conditions and risk of harm.

Defendants' counsel and experts have had access to the very same information, facilities, and documents as Plaintiffs' experts. Defendants' attorneys, and in some cases their experts, participated in the tours with Plaintiffs' experts and thus were able to observe identical conditions and participate in interviews with putative class members and staff. In addition, Defendants have continuing access to evidence—including access to facilities, NDCS staff, and documents—that Plaintiffs' experts do not have. Defendants are free to rebut the testimony from Plaintiffs' experts with a wide array of evidence, including their own expert declarations, documentary evidence, photo evidence, or declarations from NDCS staff members.

Indeed, on February 25, 2019, Defendants served a comprehensive request for production of documents regarding Plaintiffs' experts and expert reports. For example, Defendants request "Any and all items, documents, memoranda, letters, audio files, or other evidence which exists in the expert(s) file(s), which was relied upon by each expert or which Plaintiffs contend supports each expert(s) opinion(s)" (Request for Production No. 2), "Any and all items, documents, memoranda, letters, audio files, or other evidence relied upon by each expert or which Plaintiffs contend supports each paragraph of each expert(s) declaration[,]" (Request for Production No. 3), and "Any and all notes taken by or for each expert during a tour of a NDCS facility" (Request for Production No. 15). This comprehensive request demonstrates that Defendants have ample tools at their disposal to rebut the testimony of Plaintiffs' experts regarding class certification. Expert depositions are simply not necessary at this stage in the proceedings, and Defendants have failed to explain why the range of evidence at their disposal is insufficient for their defense against class certification.

Finally, to the extent that Defendants argue that expert depositions are necessary for them to bring *Daubert* challenges against any of Plaintiffs' experts, that notion is contradicted by Defendants' own actions in this case. Defendants have already filed *Daubert* challenges against the experts who provided declarations supporting Plaintiffs' opposition to summary judgment. *See* Doc. 176. No depositions of those experts were conducted. Indeed, parties can and do challenge expert opinions without resorting to deposition at the class certification stage. *See, e.g.*, *In re Zurn*, 644 F.3d at 610-11. No expert depositions are needed now.

### Defendants' Proposal Runs Afoul of FRCP 1

The Federal Rules were designed to promote efficiency in proceedings. The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants' proposal to travel around the country deposing Plaintiffs' experts unnecessarily at great time and expense, and then repeat this process following the submission of expert reports, undermines the purpose of the Rules. Defendants have provided no justification for their inefficient and wasteful proposal.

Plaintiffs have filed declarations from six experts based in California, Hawaii, Michigan, and Washington State. Conducting depositions of all of these experts at this stage will result in

tremendous cost and resources, for a minimal benefit to the Defendants. That cost, most of which will be borne by Nebraska taxpayers, will be doubled when Defendants *again* depose Plaintiffs' experts, per [Rule 26](), after their reports are submitted.

In addition, should Defendants depose Plaintiffs' experts, Plaintiffs will need to depose Defendants' experts. Defendants have designated eight experts based in Arizona, Colorado, Florida, Louisiana, Nebraska, and Virginia. The resources and cost will again be doubled when Plaintiffs depose Defendants' experts following the submission of their reports.

In total, Defendants suggest that teams of lawyers travel to 10 states to conduct 14 expert depositions solely for the purpose of considering class certification, and then do so again for depositions conducted pursuant to [Rule 26]().

Plaintiffs propose that a better approach would be to follow the procedure set forth by the Federal Rules and the current schedule in this case. Pursuant to this process, class certification briefing will be supported by documentary evidence, affidavits, and expert declarations. The parties can then proceed with full expert discovery, including expert depositions, following submission of the expert reports on the timeline set forth in the scheduling order. *See* Doc. 71. Plaintiffs will make their experts available at that time and will work with Defendants' counsel to schedule those depositions in a timely way.

## II.     Plaintiffs' counsel must be afforded adequate time to prepare for named plaintiff depositions.

The parties conferred in good faith as to the timeframe for deposing named plaintiffs, and have reached an impasse. Defendants seek to depose the ten named plaintiffs in this case beginning on March 13; they informed Plaintiffs of their intention on February 19, and in a conversation on February 22 originally requested the depositions take place between March 4 and 15. Three days later, Defendants informed Plaintiffs, with less than a week's notice, that three experts planned to tour NDCS facilities from March 4-7. Given the need for Plaintiffs' counsel to staff the three separate and simultaneous expert tours, Defendants' current proposal to commence depositions three working days after the tours conclude does not provide sufficient time to travel to and adequately prepare named plaintiffs for their depositions.

Plaintiffs' counsel will need to meet with each of the ten named plaintiffs across five separate facilities located in Omaha, Lincoln, York, and Tecumseh. Many of the named plaintiffs have serious mental health issues which may further complicate and prolong deposition preparation. Plaintiffs share Defendants' interest in conducting the named plaintiff depositions in a timely manner, but must be afforded adequate time to prepare each client. Accordingly, Plaintiffs propose commencing the named plaintiff depositions no earlier than March 20, reserving eight business days following the conclusion of the expert tours for deposition preparation. This would allow Plaintiffs' counsel to meaningfully prepare for the depositions while affording Defendants ample time between the depositions and the deadline for their response to the motion for class certification.