UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al.,<br><br>  Defendants. | Case No. 4:17-cv-03107-BCB-MDN<br><br>CLASS ACTION<br><br>PLAINTIFFS' STATEMENT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER |

COMES NOW Plaintiffs, Hannah Sabata, Dylan Cardeilhac, James Curtright, Jason Galle, Richard Griswold, Michael Gunther, Angelic Norris, Isaac Reeves, Zoe Rena, and Brandon Sweetser ("Plaintiffs"), by and through their counsel of record, and hereby file their Statement of Objections to Magistrate Judge's Order filed on May 1, 2020 (ECF. Doc. No. 466) denying Plaintiffs' Emergency Motion Seeking Disclosure of Defendants' Plan for the Prevention, Management, and Treatment of COVID-19 (ECF. Doc. No. 447). Plaintiffs timely bring this Statement of Objections within 14 days of the entry of the Order, pursuant to FED. R. CIV. P. 72(a) and NE. CIV. R. 72.2(a). In support of this Statement of Objections, Plaintiffs fully incorporate herein, and refer this Court to, Filing Nos. 447 (Plaintiffs' Emergency Motion), 448 (Plaintiffs' Brief in Support), 449 (Plaintiffs' Index of Evidence in Support), and Nos. 460 (Plaintiffs' Reply Brief in Support) and 459 (Plaintiffs' Index of Evidence in Support). Contemporaneously herewith, Plaintiffs submit a Memorandum of Law in support of the following Statement of Objections:

(1)  It was clear error to deny Plaintiffs' request that the Court order the Nebraska Department of Correctional Services ("NDCS") to disclose plans for the

1

      prevention, management and treatment of the novel coronavirus ("COVID-19") in NDCS facilities;

(2)    The Order is contrary to law because it denies Plaintiffs the ability to discover relevant, non-privileged documents falling within the scope of discovery pursuant to FED. R. CIV. P. 26(b)(1);

(3)    It was clear error to make a finding that Defendants' COVID-19 plans are not relevant to any claim or defense in this lawsuit;

(4)    The Order is contrary to law because it misapplies the relevant law governing Eighth Amendment claims, in that it requires Plaintiffs to demonstrate an NDCS prisoner has suffered "actual harm" from contracting COVID-19 before seeking discovery of Defendants' COVID-19 plans; and

(5)    The Order is contrary to law because it misapplies a recent COVID-19-related case, *Coleman v. Newsom*, No. 01-CV-01351-JST, 2020 WL 1675775 (E.D. Cal. Apr. 4, 2020).

                                Respectfully submitted,

Submitted May 15, 2020.

**ACLU NATIONAL PRISON PROJECT**
**ACLU OF NEBRASKA**
**DLA PIPER LLP (US)**
**NATIONAL ASSOCIATION OF THE DEAF**
**NEBRASKA APPLESEED**
**ROSEN BIEN GALVAN & GRUNFELD LLP**

By:  /s/ *Christopher M. Young*
       Christopher M. Young (Cal Bar No. 163319)
       *Admitted Pro Hac Vice*
       DLA PIPER LLP (US)
       401 B Street, Suite 1700
       San Diego, California 92101-4297
       Telephone: (619) 699-2700
       Facsimile: (619) 699-2701
       Email: christopher.young@dlapiper.com
       *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, causing such notice to be served upon all parties registered on the CM/ECF system.

    /s/ *Christopher M. Young*
    Christopher M. Young