IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al.,<br><br>    Defendants. | Case No. 4:17-CV-3107<br><br>REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE CLASS ALLEGATIONS AND CLAIMS IN THE COMPLAINT |

Defendants submit this reply brief in support of their motion for an order striking the class allegations and claims from the Plaintiffs' Complaint under Fed. R. Civ. P. 23(d)(1)(D) at Filing 490.

**Argument**

Plaintiffs do not dispute the legal standard for Fed. R. Civ. P. 23(d)(1)(D). Class certification was denied and under Rule 23(d)(1)(D), "[a] negative determination [on certification] means that the action should be stripped of its character as a class action." Advisory Committee's Notes reprinted at 39 F.R.D. 69, 104 (1966).[1]

The Supreme Court is also clear that "an order striking class allegations is functionally equivalent to an order denying class certification." *Microsoft Corp. v.*

---

[1] Defendants cited *Grandson v. University of Minnesota*, 272 F.3d 568 (8th Cir. 2001), and *Burkhalter v. Montgomery Ward and Co., Inc.*, 676 F.2d 291 (8th Cir. 1982), for the appellate standard of review of an order striking class allegations, which is an abuse of discretion. Filing 492 at 1; *see also Vervaecke v. Chiles, Heider & Co.,* 578 F.2d 713 (8th Cir. 1978) (cited to show broad discretion of district court in the conduct of class actions). Plaintiffs fail to recognize the principle for which those cases were cited and instead attack other irrelevant components. Filing 496 at 3-4.

1

*Baker*, 137 S. Ct. 1702, 1711, n. 7 (2017). So "the burden remains with the party seeking class certification regardless who moves the court to make the determination." *Blihovde v. St. Croix Cnty. Wis.*, 219 F.R.D. 607, 614 (W.D.Wis.2003). For that reason, a court's consideration of a motion to strike class allegations is not under Rule 12, where the movant has the burden of proof, but instead under Rule 23, where the plaintiffs have the burden of proof. *In re Ry. Indus. Employee No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019), *citing* 1 Joseph M. McLaughlin*, MCLAUGHLIN ON CLASS ACTIONS* § 3:4 (15th ed. 2018) ("It would be incongruous to have the burden vary according to the procedural vehicle through which the determination is made. The better view then is that the burden remains with the party seeking class certification regardless of who moves the court to make the determination.").

Yet in their response, Plaintiffs make no effort to meet their burden. At most, they promise a future motion with unidentified classes. This is a recurring problem. Since June, Defendants have sought clarification from Plaintiffs on how they plan to proceed, which culminated with Magistrate Nelson ordering Plaintiffs to provide clarification. Filing 485. But on August 2, 2020, Plaintiffs simply restated the allegations from their Complaint and insisted their unidentified path forward included all four original claims as part of "systemic prospective relief" regarding the "level of resources dedicated to health care" and "policies and practices regarding isolation and disability access." Filing 489-1 at 8. This is fundamentally no different than the proposal this Court already rejected. Pressed once more with this motion to

strike, Plaintiffs again provide no answers. It is time to "clean up the pleadings." *Bank v. Am. Home Shield Corp.*, 2013 WL 789203, at *3 (E.D.N.Y. Mar. 4, 2013).[2]

Striking the class allegations after years of discovery and denial of those classes is not a "drastic remedy," is not "premature," and this motion is certainly not the cause of any delay. Filing 496. In an effort to declare this Rule 23 clean up motion a "delaying tactic," Plaintiffs cite the non-class case of *Alaska Logistics, LLC v. Newtok Village Council*, and its inapplicable discussion on Rule 12(f) motions. 357 F. Supp. 3d 916 (D. Alaska 2019). Likewise, the "drastic remedy" discussed in Plaintiffs' citation of *Francis v. APEX USA, Inc.*, refers to preemptive motions to strike at the pleading stage prior to class discovery or a motion for class certification. 406 F. Supp. 3d 1206 (W.D. Okla. 2019). For similar reasons the motions to strike in *Bank v. Am. Home Shield Corp.*, and *Boatwright v. Walgreen Co.*, were deemed premature because the motions occurred prior to a motion for class certification. 2013 WL 789203; 2011 WL 843898 (N.D. Ill.2011 Mar. 4, 2011). But none of that undermines the legal principle for which those cases were cited in Defendants' brief−that class allegations should be stricken after class certification is denied. Indeed, those cases show the appropriateness of striking class allegations after years of discovery and denial of certification, followed by months of inaction by Plaintiffs. This motion to strike is overdue, not premature.

---

[2] Despite repeated direction from the Magistrate Judge that "[c]learly, the class discovery is over because there is no class," Filing 495 at 35:00 – 35:06, Plaintiffs still insist the denied classes from the Complaint justify endless class discovery. Filing 498 at 7-8.

3

Since the rule, case law applying the rule, and the procedural posture of this case do not support them, Plaintiffs seek refuge in a progression order. But, as explained above, a motion to strike is permissible at this stage of the proceedings and a progression order provides no basis to retain already denied class claims that should be stricken. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Plaintiffs have not offered any authority, and we have found none, for the proposition that a district court either abuses its discretion or errs as a matter of law by considering the issue of class certification before expiration of a pretrial motion deadline."). Moreover, the existence of the progression order certainly does not relieve Plaintiffs of their burden in responding to this motion. Additionally, in the discussion preceding the entry of the progression order, the Magistrate Judge was clear he was putting a deadline on the calendar because Plaintiffs requested it, not because he was allowing Plaintiffs to submit a revised class. Filing 495 at 49:14 – 50:10. This Court should reject Plaintiffs' attempt to turn a progression order into something different than it is.

In a final plea that this Court has "ample discretion" to let these denied classes linger, Plaintiffs list a series of cases that have little to no application to the issue before the Court. Filing 496 at 2-3. For example, *In re Initial Public Offering Sec. Litig.*, concerns the district court considering a more modest class after the Second Circuit rejected the first class certification in a Rule 23(f) appeal. 483 F.3d 70 (2d Cir. 2007). But Plaintiffs did not appeal the denial of class certification here. As another example, *Pettco Enterprises, Inc. v. White*, involved the denial of a motion to

reconsider a prior ruling denying class certification, a later amended complaint, and then a grant of class certification based on the amended complaint. 162 F.R.D. 151 (M.D. Ala. 1995). Here, however, Plaintiffs did not amend their Complaint and are now well past their deadline to do so. Finally, Plaintiffs cite *Calderon v. Presidio Valley Farmers Ass'n*, where the Fifth Circuit "specifically invited the district court to reconsider its decision denying class action certification on remand." 863 F.2d 384 (5th Cir. 1989). It is hardly a surprise the Fifth Circuit later found no violation of Rule 23(c)(1) when the district court reconsidered its order. None of these situations are comparable to the situation here.

After class certification was denied on these classes, Plaintiffs could have asked this Court to reconsider, they could have appealed, or they could have amended their Complaint. They did none of these things. Now they fail to meet their burden on the motion to strike and the action should be stripped of its character as a class action.

## Conclusion

For the reasons set forth above and in Defendants initial brief at Filing 492, Defendants respectfully request the class allegations and claims be stricken from the Complaint in accordance with the Court's Order denying class certification at Filing 476 and Federal Rule of Civil Procedure 23(d)(1)(D).

Submitted September 4, 2020.

**NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, HARBANS DEOL, and NEBRASKA BOARD OF PAROLE, Defendants.**

By: DOUGLAS J. PETERSON
*Attorney General of Nebraska*

By: *s/Ryan S. Post*
RYAN S. POST, #24714
DANIELLE L. ROWLEY, #25505
KATHERINE O'BRIEN, #25993
BEN GOINS, #26034
SCOTT R. STRAUS, #26475
PHOEBE L. GYDESEN, #26333
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
ryan.post@nebraska.gov

<u>Attorneys for the Defendants.</u>

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d), I certify that this brief contains 1,522 words as counted by the Microsoft Word 2016 word processing software used to generate the brief. The word count function of this software was applied to include all text, including the caption, headings, footnotes, and quotations.

By: *s/Ryan S. Post*
Ryan S. Post

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2020, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, causing notice of such filing to be served upon all parties registered on the CM/ECF system.

                   By:    *s/Ryan S. Post*
                              Ryan S. Post