IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., <br><br> Defendants. | 4:17-CV-3107 <br><br> **MEMORANDUM AND ORDER** |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Strike Class Allegations, Filing 490, and Plaintiffs' Statement regarding identification of the Doe defendants, Filing 500. For the reasons stated herein, the Court denies both motions.

## II.     ANALYSIS

### A.  Motion to Strike

First, Defendants ask the Court to "strik[e] the class allegations and claims from . . . Plaintiffs' Complaint" pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). Filing 492 at 1. This Court previously denied Plaintiffs' Motion for Class Certification in full. Filing 476 at 50-103. Rule 23(d)(1)(D) states, "In conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). However, "[a]n order striking class allegations is 'functional[ly] equivalent' to an order denying class certification," which this Court has already done. *Microsoft Corp. v. Baker*, ___ U.S. ___, ___ n.7, 137 S. Ct. 1702, 1711 n.7, 198 L. Ed. 2d 132 (2017) (second alteration in original) (quoting *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 110–11, n.2 (4th Cir. 2013)).

1

A Rule 23(d)(1)(D) motion may be employed "to allow the litigation to go forward as an individual action by . . . amending the complaint to strike the references to the class action and the representation of absent persons." Wright & Miller, 7A Fed. Prac. & Proc. Civ. § 1759 (3d ed.). Here, however, such clarification is unnecessary because upon review of the operative complaint in this case, Plaintiffs have made only class claims and no individual claims. Filing 1. In fact, Plaintiffs have repeatedly stated that there are no individual claims and that their case is based solely on the now-denied class allegations. *See, e.g.*, Filing 250 at 9 ("This case is not about the care provided to any specific prisoner and Plaintiffs do not seek relief for individual prisoners."); Filing 432 at 1 ("As a class action, this case is not about the treatment of any individual prisoner . . . . Plaintiffs do not seek individualized relief."); Filing 439 at 11 ("[T]he defendants argue that the claims in this case require individualized inquiries, but there are no individual claims in this case . . . ."). Accordingly, there is no need for an additional motion to strike; the Court's prior ruling denying class certification stands.[1]

### B. Identification of Doe Defendants

Next, Plaintiffs filed what they term an Identification of Doe Defendants. Filing 500. Plaintiffs purport to identify only one previously unnamed defendant, Rosalyn Cotton, the Chairperson of the Nebraska Board of Parole. Filing 500 at 1. Defendants oppose Cotton's identification, arguing it is untimely. Filing 502 at 2-3. The Court agrees Plaintiffs should not be permitted to amend their Complaint to identify Cotton at this late date.

---

[1] The Court notes that Plaintiffs have been given until November 30, 2020, to file a motion under Federal Rule of Civil Procedure 23(c)(1)(C) asking the Court to alter or amend its order denying class certification. Filing 494 at 1. The Court will address the merits of such a motion if and when it is filed. The possibility of a future motion to this effect does not alter the fact that, given the Court's holding at Filing 476, there are no remaining class allegations in the case at the present time.

"[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Here, Plaintiffs could have identified Cotton at the time the case was filed. Cotton was the Chairperson of the Board of Parole for nearly two years predating the filing of the Complaint. Filing 249-93 at 5, 8; Filing 1.

Second, even if Plaintiffs were somehow unaware of Cotton's identity at the time they filed their Complaint, they were apprised of her identity well before the deadline for adding parties and amending the pleadings passed.[2] For example, Plaintiffs deposed Cotton in December 2018, Filing 249-93 at 2, and stated in January 2019 that they planned to "amend the complaint to add Board of Parole Hearing Chair Rosalyn Cotton in her official capacity within the time allowed by the case progression order," Filing 238 at 2. They failed to do so.

While the Court's most recent progression order provided a final date of September 4, 2020, by which Plaintiffs had to identify any truly unknown Doe defendants, Filing 494, that order does not provide an excuse for Plaintiffs' dilatory behavior in the specific situation involving Cotton. Plaintiffs had identified Cotton well in advance of the deadline to amend pleadings and could have either included her as a party in the original Complaint or filed to add her as a party and amend the pleadings in a timely manner. There is no justification for Plaintiffs' failure to abide by the deadlines set by the Court. Accordingly, Plaintiffs' motion to identify Rosalyn Cotton as a previously unknown Doe defendant is denied and Plaintiffs are not permitted to amend their

---

[2] The deadline for adding parties or amending the pleadings was originally June 14, 2019. Filing 77 at 2. On April 19, 2019, this date was extended to "14[] days after the Court rules on Plaintiffs' Motion to Certify Class." Filing 295. That fourteen-day window passed on June 22, 2020. *See* Filing 476 (order denying class certification dated June 8, 2020).

Complaint to add Cotton as a party. The remaining Doe defendants 2-20 are dismissed per Plaintiffs' representation that such dismissal is appropriate. Filing 500 at 3.

### C. Further Matters

Finally, the Court notes that Plaintiffs state they intend to file an amended complaint or a new motion for class certification. Filing 500 at 1. The Court cautions Plaintiffs that, as set forth above, the deadline for amended pleadings has passed and no leave has been granted for the filing of an amended complaint out of time. The Court's progression order provides a deadline by which Plaintiffs must file any motion to alter or amend the Court's order on class certification pursuant to Rule 23(c)(1)(C).[3] The Court's progression order does not give Plaintiff leave to file a newly formulated request for class certification. *See, e.g.*, *Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 (D. Minn. 2003) ("Rule 23(c)(1) . . . is not a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion."); *Par. v. Sheriff of Cook Cty.*, No. 07 C 4369, 2016 WL 1270400, at *1 (N.D. Ill. Mar. 31, 2016) ("[I]n the absence of materially changed or clarified circumstances, . . . courts should not condone a series of rearguments on the class issues . . . ." (quoting 3 W. Rubenstein, A. Conte & H. Newberg, Newberg on Class Actions § 7:47 (4th ed. 2011))); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (same).

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Strike is denied and Plaintiffs' Motion to Identify Doe Defendants is denied. Accordingly

IT IS ORDERED:

1. Defendants' Motion to Strike, Filing 490, is denied; and

2. Plaintiffs' Identification of Doe Defendants, Filing 500, is denied; and

---

[3] Federal Rule of Civil Procedure 23(c)(1)(C) provides "An order that grants or denies class certification may be altered or amended before final judgment."

4

3. The Doe defendants 1-20 are dismissed from this action.

Dated this 6th day of October, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

5