IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HANNAH SABATA, et al., | |
| Plaintiffs, | 4:17-CV-3107 |
| vs. | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | **MEMORANDUM AND ORDER** |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss and Suggestion of Mootness as to Zoe Rena, Filing 513, and Rena's attorneys' Motion to Withdraw, Filing 518. For the reasons stated herein, the Court dismisses Rena as a party and denies the motion to withdraw as moot.

## II.  ANALYSIS

Defendants move to dismiss Rena on the grounds that she has been released from custody and her claims are therefore moot. Filing 515 at 1-2. Defendants submit evidence demonstrating that Rena was released from custody on August 19, 2020. Filing 514-2 at 1.

The Court has previously addressed this same legal issue with respect to other Plaintiffs who have been released from custody.  In assessing those previous situations, the Court concluded that once a party is released from the physical custody of the Nebraska Department of Correctional Services ("NDCS"), his or her claims regarding the inadequacy of medical care received in an NDCS facility are moot. *See* Filing 476 at 119-122. The same principles apply to moot Rena's

1

claims now that she is no longer in custody.[1] See *UniGroup, Inc. v. Winokur*, 45 F.3d 1208, 1211 (8th Cir. 1995) (citing *Morris v. American Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993)) ("The doctrine of the law of the case prevents the relitigation of settled issues in an action, thus protecting the expectations of the parties, ensuring uniformity of decisions and promoting judicial efficiency."). Therefore, the Court grants Defendants' Motion to Dismiss.

### III.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss and Suggestion of Mootness as to Zoe Rena, is granted. Filing 513. Furthermore, since Rena is no longer a party to this case, her attorneys' Motion to Withdraw, Filing 518, is moot. Accordingly,

IT IS ORDERED:

1. Defendants' Motion to Dismiss and Suggestion of Mootness as to Zoe Rena, Filing 513 is granted;
2. Zoe Rena is dismissed as a party to this case, and
3. The Motion to Withdraw, Filing 518, is denied as moot.

Dated this 1st day of December, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[1] Rena's attorneys also agree she has been released from custody in moving to withdraw from representing her. Filing 518; Filing 518-1. However, the Court need not rely on such an admission by her attorneys because there is no argument to be made that can change Rena's dismissal in light of the evidence presented and the established law of the case.